GOODWIN

William M. Jay
202.346.4190
WJay@goodwinprocter.com

Goodwin Procter LLP
901 New York Avenue NW
Washington, DC 20001

goodwinlaw.com
+1 202 346 4000

September 6, 2019

**<u>VIA ECF</u>**

Peter R. Marksteiner
Clerk of Court
U.S. Court of Appeals for the Federal Circuit
717 Madison Place N.W., Room 401
Washington, DC 20439

**Re: GlaxoSmithKline LLC v. Teva Pharmaceuticals USA, Inc., Nos. 18-1976, -2023**

Dear Colonel Marksteiner:

Teva respectfully writes to correct misstatements made during the September 4 argument.

GSK's counsel was asked whether the jury was told that Teva's press releases remained on Teva's website after the patent issued (in 2008). Argument Audio (Arg.) 13:50-14:00. Counsel represented that the jury received evidence that these press releases "were put on the website certainly in 2007" (Arg. 14:00-14:05). Specifically, counsel repeatedly stated that Dr. McCullough testified about the press releases being on Teva's website during questioning about a "screenshot" of a press release in 2015. Arg. 15:00-15:25, 16:05-16:15, 54:18-54:31 (citing Appx10687).

These representations are inaccurate. The cited colloquy had nothing to do with press releases. Dr. McCullough was presented with GSK demonstrative 4.49 (attached hereto), which contained a screenshot *of a product listing* on Teva's website, taken in 2015. Appx10686-10688; *see* Appx4245, Appx10635 (PTX-860) (same screenshot). He was never asked whether he saw *press releases* on Teva's website, much less when they appeared there. Nor was Ms. Collier, whose testimony GSK also discussed (Arg. 52:55-53:55), asked about press releases. Appx10991. That is why Teva's counsel stated that the jury was never told that Teva put these press releases on its website (Arg. 34:10-34:22)—GSK offered no testimony on that issue.

The 2004 press release exhibit, which serves as the foundation of GSK's inducement claim, does not even indicate the date it was printed for trial, much less that it appeared on Teva's website or affected prescribing during the infringement period. Appx6347. In rebuttal, for the first time, GSK pointed to a footer showing that the *2007* release was printed from Teva's website in 2015. But GSK never argued that to the jury or even in its briefs, which cite *nothing* from the record, just a present-day URL. GSK Opening Br. 10; Response/Reply Br. 13.

Finally, counsel's use (Arg. 56:50-57:12) of Dr. McCullough's testimony (Appx10670) that "doctors would have seen this press release" was also misleading. As the transcript shows, Dr. McCullough was testifying about "a press release *from the FDA*" (Appx10669-10670 (emphasis added)), which stated that generic carvedilol labeling may differ from Coreg's because of patent protection (Appx7116).

Respectfully submitted,

*/s/ William M. Jay*

William M. Jay

Cc: All counsel of record via ECF

# Teva Website

– Teva took action and failed to take action intending to encourage or assist actions by others;

## Carvedilol Tablets

**Generic of Coreg® Tablets**



Imprint Code: TV/51Former Imprint Code: 93/51

**Strength:**
3.125 mg

**Description:**
Elliptical-Shaped, White

**Therapeutic Category:**
- Antihypertensive
- Alpha & Beta Blockers

**Rating:**
AB

**Sizes:**
100 Tablets/Bottle
NDC# 00093-0051-01

500 Tablets/Bottle
NDC# 00093-0051-05

**Product Materials**

**Full Prescribing Information**

**FDA Approval Letter**

**Barcodes**



*PTX-0860.0001*

*Teva Website*

**CERTIFICATE OF SERVICE**

I, William M. Jay, hereby certify that on September 6, 2019, a copy of the foregoing document was filed electronically with the United States Court of Appeals for the Federal Circuit using the CM/ECF system. I certify that all counsel of record are registered as ECF filers and they will be served by the CM/ECF system.

*/s/ William M. Jay*
William M. Jay